IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Crim. No. 18-63-LPS-2 |
| TANASHIA HARDING, | : |
| Defendant. | : |

ORDER

At Wilmington this **10th** day of **November, 2020**, having reviewed Defendant Tanashia Harding's June 10, 2020 Emergency Motion for Compassionate Release (D.I. 79) ("First Motion") and the Government's Response (D.I. 81), as well as Defendant's July 29, 2020 Letter Regarding Danbury FCI (D.I. 84) ("Second Motion") and the Government's Response (D.I. 87), and recognizing that the Court previously denied without prejudice to renew Defendant's First Motion (*see* D.I. 85),

IT IS HEREBY ORDERED that Defendant's Second Motion (D.I. 84) is DENIED WITHOUT PREJUDICE. The Court understands the Second Motion to be directed to faulting the conditions of confinement at FCI Danbury, a facility located in the District of Connecticut. This Court lacks jurisdiction over such complaints. *See, e.g., Rice v. Young*, 2020 WL 3432635, at *1 (M.D. Pa. June 23, 2020); *Nwanze v. Hahn*, 97 F. Supp. 2d 665, 669 (W.D. Pa. 2000).

To the extent that Defendant's Second Motion (D.I. 84) requests or renews a request for compassionate release, IT IS HEREBY ORDERED that the motion is DENIED WITHOUT PREJUDICE. There is no indication that Ms. Harding has made the necessary request to the Bureau of Prisons; therefore, she has failed to exhaust her administrative remedies. *See United*

*States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (exhaustion is "glaring roadblock foreclosing compassionate release"). For the same reason, the First Motion remains denied without prejudice to renew for failure to exhaust administrative remedies.

                                                                   _____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE